JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-01266 RGK (FFM)** | Date | April 11, 2016 |
|---|---|---|---|
| Title | ***Deutsche Bank Nat'l Trust Co. v. Juan Carlos Serrano, et. al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 6)**

## I.    INTRODUCTION & FACTUAL BACKGROUND

Defendant Marco Paez ("Defendant") filed a notice of removal from the Los Angeles Superior Court on February 24, 2016. This is now the sixth time Defendant has improperly removed this action to federal court. Plaintiff Deutsche Bank National Trust Company ("Plaintiff") originally brought this unlawful detainer action against Defendant Juan Carlos Serrano ("Serrano") in Los Angeles County Superior Court on December 8, 2011. Serrano never responded and a default judgment resulted on February 14, 2012. *See Id.* However, Defendants Alfred Paez and Marco Paez filed an Answer despite not having been named in the Complaint. *See Id.* Defendant then went on to attempt–unsuccessfully–to remove this action on five separate occasions.[1] (*See* Pl.'s Request for Judicial Notice, Exs. 1-5, ECF No. 7.)

Defendant's fourth attempt at removal was met with the following response from Judge King, "Defendant is notified and warned that any subsequent attempts to remove the underlying unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court may address by way of punitive remedial measures." (*See* Pl.'s Request for Judicial Notice Ex. 4, ECF No. 7.) Defendant's fifth attempt at removal was again unsuccessful with Judge Feess denying Plaintiff's request for attorney's fees but finding that "if [Defendants] make any further attempt to remove this action to federal court, this Court will award Plaintiff its costs and attorney's fees associated with any actions necessary to obtain removal to state court." (*See* Pl.'s Request for Judicial Notice Ex. 5, ECF No. 7.)

Plaintiff now moves to remand the action, urging that the petition is untimely and that an unlawful detainer action presents neither federal question basis nor a diversity basis for jurisdiction.

---

[1] The Court may take judicial notice of each of the ten exhibits in Plaintiff's "Request for Judicial Notice," as they are all public court filings or court orders and are thus matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

(Pl.'s Mot. To Remand, 3:12-20, ECF No. 6.) In light of Defendant's multiple defective removals, Plaintiff requests that the Court award it $1,900.00 in attorney's fees.

## II.     JUDICIAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. § 1441, et seq. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

## III.    DISCUSSION

### A.     Successive Removals

In general, a party may not file a successive notice of removal on the same grounds where the district court has previously remanded the action. *Seedman v U.S. Dist. Ct. for Cen. Dist. Of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988). "A successive removal petition is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a *new* and *different* ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (emphasis in original). "Successive removals are therefore improper '[a]bsent a showing that the posture of the case has so changed that it is substantially a new case.'" *Leon v. Gordon Trucking, Inc.*, 76 F.Supp.3d 1055, 1063 (C.D. Cal. 2014).

The Ninth Circuit has provided examples of a "relevant change of circumstances" sufficient to allow for a successive removal. For instance, a relevant change of circumstances exists where an amended pleading establishes a new basis for removal, which did not exist in the original complaint. *Reyes*, 781 F.3d at 1188. Moreover, an intervening change of law giving rise to a new basis for subject-matter jurisdiction qualifies as a "relevant change of circumstances." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2004).

Defendant's fourth and fifth notices of removal, which were brought before Judge King and Judge Fees, respectively, appear to be identical. *Compare* 2:13-cv-00539-UA-Duty (Notice of Removal, ECF No. 1.) *with* 2:13-cv-01187-GAF-AN (Notice of Removal, ECF No. 1.) Here, Marco Paez's sixth notice of removal, although not identical to his fourth and fifth notices of removal, set forth the same basis for removal. *Compare* 2:16-cv-01266-RGK-FFM (Notice of Removal, ECF No. 1.) *with* 2:13-cv-00539-UA-Duty (Notice of Removal, ECF No. 1.)  *and* 2:13-cv-01187-GAF-AN (Notice of Removal, ECF No. 1.) Moreover, throughout Defendant's removal attempts, Plaintiff's claim for unlawful detainer has remained the same. Therefore, the Court **REMANDS** this action to state court.

### B.     Attorney's Fees

Plaintiff also moves for attorney's fees against Defendant.

"An order remanding the case may require payment of just costs and any actual expenses, including *attorney's fees*, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party…Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 WL 3661940, at *7 (N.D. Cal. June 12, 2015); *Wells Fargo Bank Nat. Ass'n v. Vann*, No. 13-cv-01148, 2013 WL 1856711, at *4 (N.D. Cal. May 2, 2013), appeal dismissed (Jan. 27, 2014) ("[I]n light of the fact that Plaintiff has now removed the same unlawful detainer action three times, the Court Grants Wells

Fargo attorney's fees in the amount of $1,000.").

Defendant has already been barred from any further removal of this action to federal court. *See* Case No. 2:13-cv-01187-GAF-(ANX). Therefore, the Court finds it necessary to order payment of attorney's fees because of the needless time and effort Plaintiff has been compelled to shoulder. Defendant has blatantly disregarded five prior remand orders, and Defendant has been warned in the most recent order that attorney's fees will be awarded if Defendant attempted to remove this action again. Accordingly, the Court concludes that the only way to deter Defendant is to order payment of reasonable attorney's fees to Plaintiff.

## V.     CONCLUSION

For the foregoing reasons, the Court **REMANDS** the case to state court. The Court also orders Defendant to pay Plaintiff $1,900 in attorney's fees pursuant to 28 U.S.C. § 1447(c).

### IT IS SO ORDERED.

:

Initials of Preparer